IN THE COURT OF COMMON PLEAS
MEDINA COUNTY, OHIO

| | |
|---|---|
| STACY D. SLOAN, ADMINISTRATOR OF THE ESTATE OF SHANNON S. SLOAN, DECEASED<br>c/o McKinzie and Associates<br>529 White Pond Drive Akron, Ohio 44320<br><br>Plaintiff,<br><br>-vs-<br><br>JOHN DOE, POLICE OFFICER<br>c/o City of Wadsworth Police Department<br>120 Maple Street<br>Wadsworth, OH 44281<br><br>and<br><br>DAN CHAFIN, CHIEF OF POLICE, CITY OF WADSWORTH POLICE DEPARTMENT<br>c/o City of Wadsworth Police Department<br>120 Maple Street<br>Wadsworth, OH 44281,<br><br>Defendants | JUDGE:<br><br>CASE NO.<br><br>COMPLAINT<br><br>2024CIV0913<br><br>JOYCE V. KIMBLER, JUDGE |

Plaintiff, Stacy D. Sloan, the Administrator of the Estate of Shannon E. Sloan submits this Complaint against Defendants police officers and Chief of Police, Daniel Chafin, and states as follows:

**INTRODUCTION**

1. On June 18, 2024, at approximately 9:00pm, Decedent, Shannon E. Sloan, age 47, was shot multiple times by an unnamed City of Wadsworth, Ohio police officer, Defendant John Doe, while Mr. Sloan was sitting in a chair in his backyard at 223

Durling Drive, Wadsworth, Ohio 44281. The police were called by his wife, Stacy Sloan, because she was concerned about her husband's mental health. Rather than providing generally accepted mental health care or crisis intervention to diffuse any threat by the decedent - who did not pose an immediate or imminent threat to anyone - Decedent was ambushed by Defendant John Doe who, without warning, used unnecessary and excessive deadly force.

2. Moreover, Defendant, Daniel Chafin, as Chief of Police, was the highest policymaker overseeing the members of the Wadsworth Police Department. His role and duties were to manage, supervise, and train officers to protect Mr. Sloan by ensuring his officers followed policies, procedures, and training that would have prevented this tragedy.

3. The deadly force against Decedent was unlawful, reckless, and violated the 4th and 14th Amendment of the U.S. Constitution, pursuant to Section 42 U.S section 1983, as well as State of Ohio Law claims, under the Ohio Constitution, Article IV, § 4(A) and Ohio R.C. §§ 2305.01, assault and battery, negligence, reckless infliction of emotional distress, and wrongful death. This Court has concurrent jurisdiction to hear all claims. The venue is proper in Medina County because the events giving rise to this cause of action occurred in the City of Wardsworth in Medina County, Ohio.

**PARTIES**

4. Plaintiff, Stacy D. Sloan, is the administrator of the estate of Shannon Sloan, who, at all times relevant to the allegations made in this Complaint, resided in Medina County, Ohio.

5. Defendant, unnamed officer John Doe, as referred in this complaint, at all times relevant to the allegations made in this Complaint, was a duly appointed police officer employed by the City of Wadsworth, Ohio, acting within the scope of his employment and under the color of law, and in his individual capacity.

6. Defendant, Daniel Chafin, at all times relevant to the allegations in this complaint, is the duly sworn Chief of Police of the City of Wadsworth. He is responsible under law to oversee the entire police department, including ensuring that all laws and regulations are enforced by his officers and employees, to protect the citizens of the city, including Decedent Shannon E. Sloan. Defendant Chafin. At the time the alleged causes of action he was acting under color of law. He is being sued in his individual and official capacity.

**FACTS**

7. On June 18, 2024, Plaintiff Stacy Sloan, the wife of Decedent, Shannon Sloan, was at their home located at 223 Durling Drive in Wadsworth Ohio sometime before 9:00 pm, when she saw Shannon pointing a handgun to his chest and said he was "going to take care of this."

8. Because she was concerned about Shannon's safety, Stacey called 911 and told the dispatcher that Shannon held a gun to his chest, and she believed he might be suicidal.

9. Stacy was waiting in the front yard for the first responders to arrive while her husband was in the backyard. She was expecting trained mental health professionals or negotiators to intervene, even if the police arrived, to talk to her husband and get him help. There were no other people at the house, other than she and her husband. At no time did Shannon threaten her with any violence or physical harm.

10. Rather than approaching the 911 call with a plan to diffuse the situation, with no indication that he was a threat to anyone or that he had committed any crime, at least four uniformed police officers, some armed with automatic military style assault rifles, decided to park their cruisers, not at the residence, but blocks away. The officers quietly sneaked through the neighborhood toward the residence, crossing yards, using a dangerous tactic to use the element of surprise to prevent Shannon from knowing police were coming in his direction, as he was just sitting alone in a chair in his backyard.

11. When the police arrived, Stacy was standing in front of the house to meet the officers. Rather than talking to her to obtain critical information to assist the officers in communicating with Shannon and develop a safe approach, they instructed her to go into the house.

12. Moments later, at approximately 9:00 PM, shots rang out from the rear side of the house which ultimately killed Shannon Sloan. The shots came from the automatic assault rifle of officer and Defendant John Doe.

13. After the shooting, some days later, two bodycam videos were disclosed by defendant Chief of Police Chafin. According to Plaintiff counsel's meeting with Chafin, the chief stated the shooter, defendant John Doe, did not wear a bodycam, so there is no video of what he might have seen when he fired his gun. But there is a bodycam video from another unknown officer positioned some feet behind Defendant Doe which captured John Doe at the corner of the rear of the house firing his gun without any warning that he was a police officer.

14. The video shows John Doe approximately two seconds before the shooting yelling: "hey, hey, hey, don't, don't, don't, put it down." Within a second, he fired multiple rapid shots toward Shannon Sloan.

15. Two days later, on June 20, 2024, Plaintiff Stacy Sloan was aware of a TV news broadcast from June 19th which reported that police sources had "confirmed" that Shannon had allegedly pointed a firearm at a female bystander and one or more Wadsworth police officers, which led to the being shot by "officers" from WPD.

16. When learning of this reporting, Plaintiff immediately called Chief Chafin to discuss the reporting. Chafin told Plaintiff that no one from the police department told the media that Shannon Sloan raised a firearm at anyone because "he didn't point a gun at anyone."

17. Degan Sloan, the 24-year-old son of Stacey and Shannon Sloan, was made aware of the news report. He did not know his mother had also called. On his own, he called Defendant Chafin to discuss the news report. The Chief specifically told Degan "rest assured, that your father had not pointed the gun at the police" and that my father "had not pointed the gun at anyone."

18. Degan was also told in his conversation with Chafin that the chief was upset seeing the same report and attempted to determine who had provided the media with that report.

19. Two family members, at different times independent of each other, were told by Chief Chafin, who most certainly had credible knowledge of what occurred at the time of the shooting, that Shannon Sloan did not raise or point his gun when he was shot, and

therefore posed no imminent or immediate threat to justify the use of deadly force against Shannon.

20. Based on the above totality of circumstances, including the videos, the admissions of the Chief who oversees the department, the manner in which the mental health call was responded to, the failure to enlist crisis intervention techniques, failure to engage in negotiations to diffuse any threat, and the failure to follow generally accepted de-escalation measures, demonstrates that the actions of John Doe was reckless, unnecessary and constituted violations of federal and state law.

21. Defendant Chief Chafin is the chief policymaker of the Wadsworth Police Department. He is responsible for ensuring his police officers are properly trained in procedures and tactics to deal with a mental health crisis call. The actions of John Doe and the officers who approached a mental health crisis violated basic police protocols widely accepted in Ohio and across the country, which require concealment, communication, and control when approaching a potential subject.

22. When responding to a mental health call with no threats of any criminal activity – officers must be trained to approach these situations in a way that opens communications with family and the subject, with professional negotiators and mental health professionals at the scene. None of these protocols were followed. Chief Chafin's failure to train, supervise, and enforce appropriate standards, predictably led to the excessive use of deadly force, and is a moving force in the death of Shannon Sloan.

23. The wrongful death of Shannon Sloan was the proximate result of the unlawful shooting death by Defendants. Mr. Sloan was a law-abiding citizen, loving husband

of Stacy Sloan, and father of two adult children, Degan Sloan, Ryleigh Dotterer, as well as extended family members and friends. He was gainfully employed at the time of his death, leaving his wife and 24-year-old son, Degan, who depended on Shannon's source of income. His next of kin have also suffered serious mental anguish over Shannon's death, and the loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, and counsel.

### First Claim for Relief:
### State Law Wrongful Death Claim Pursuant to Ohio R.C. § 2125.02

24. Plaintiff repeats and realleges the above allegations as if fully set forth herein.
25. Defendants' willful, wanton, reckless, negligent and intentional conduct caused the wrongful death of Shannon Sloan.
26. As a direct and proximate result of Defendant John Doe's and Defendant Daniel Chafin's actions as alleged in this Complaint, Shannon Sloan died of the gunshot wounds inflicted by Defendant John Doe on June 18, 2024, subjecting Defendants to liability pursuant to Ohio R.C. § 2125.02.
27. The decedent is survived by his heirs, who are represented by the Plaintiff in this action. Decedent's heirs have suffered pecuniary loss, loss of decedent's aide, comfort, society, companionship, guidance, and protection, and have otherwise suffered damages to their detriment.

### Second Claim for Relief:

### State Law Claim for Survivorship

28. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

29. As Administrator of the Estate of the Decedent, the Plaintiff brings this action for the injuries and damages to Shannon Sloan prior to his death for the benefit of his Estate.

30. As a result of the above-described willful, wanton, reckless, negligent, intentional, and misconduct of Defendants, Shannon Sloan suffered the injuries described in the above paragraphs.

31. Shannon Sloan sustained pain and suffering because of his injuries that ultimately resulted in his death.

### Third Claim for Relief:
### State Law Claim for Negligence—Reckless Conduct

32. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

33. At all times relevant herein, Defendants had a duty to the public at large, including decedent Shannon Sloan, to exercise due care and to act in a lawful and reasonable manner and to not act in a willful, wanton, reckless, negligent, and intentional manner.

34. Defendants owed Shannon Sloan a duty of care, and their breach of duty was the direct and proximate cause of Shannon Sloan's suffering and death.

35. Defendants acted negligently and recklessly when they violated their duty to exercise due care for Shannon Sloan.

36. At all times relevant herein, Defendants knew or should have known that their conduct would or could cause serious physical injury to Shannon Sloan and they disregarded that knowledge.

37. Defendants' conduct directly and proximately caused the injuries and damages suffered by Shannon Sloan, his Estate, and his beneficiaries as described above.

**Fourth Claim for Relief:**
**State Law Claim for Intentional Infliction of Emotional Distress**

38. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

39. Defendant John Doe engaged in extreme and outrageous behavior as alleged in this Complaint.

40. Defendant John Doe intended such conduct to inflict severe emotional distress upon Shannon Doe and his heirs. Defendant John Doe knew his conduct would cause Shannon Sloan and his family severe and serious emotional distress, which was of a nature that no reasonable person could be expected to endure.

41. John Doe's conduct did, in fact, cause such distress, and as a direct and proximate result of John Doe's outrageous conduct, Shannon Sloan and his Estate were injured and suffered actual damages.

**Fifth Claim for Relief:**
**U.S.C. § 1983 Claim for Unconstitutional Seizure**

42. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint and includes them in this count as if they were fully set out here.

43. The actions of Defendant John Doe, as alleged in the preceding paragraphs, violated Shannon Sloan's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries and death alleged in this Complaint.

44. Defendant John Doe's actions as alleged in this count of the Complaint were the direct and proximate cause of the constitutional violations set forth.

### Sixth Claim for Relief: 42 U.S.C. Section 1983 claim against Defendant Chief of Police Daniel Chafin as the Final policymaker and Supervisor

45. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint and includes them in this count as if they were fully set out here.

46. Defendant Chafin is the Final Policymaker of the Wadsworth Police Department.

47. Chafin's inadequate and indifferent failures in supervising, training, and instituting polices - as alleged in this complaint – was a moving force in the constitutional misconduct his police officers committed. These officers, especially Defendant John Doe, were called to help Shannon Sloan during a mental health crisis, but instead used excessive deadly force against Shannon Sloan.

48. The conduct of his officers by deploying themselves in a clandestine military style ambush, using assault rifles, a clandestine approach, and disregarding generally accepted police protocols and tactics were unreasonable and fatal. These failures were the result of a police department that dropped the ball in following safe measures to protect life, by using dangerous actions by sneaking up on Shannon Sloan without any

announcement they were police officers and then shooting Shannon Sloan who was sitting alone in the backyard multiple times who did not pose an immediate threat to the officers.

49. Such conduct was egregious and would not have occurred if proper supervision, training, and policies were enforced by Defendant Chafin. His inadequate supervision predictably led to this fatal tragedy.

**Prayer for Relief:**

The Plaintiff demands that judgment be entered in their favor on all counts and prays the Court to award the following relief:

    a.    An award of actual and/or compensatory damages to be determined at trial;

    b.    An award of punitive damages in an amount to be determined at trial; and

    c.    An award of such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.**

Respectfully submitted,

/s/ Terry H. Gilbert
TERRY H. GILBERT (0021948)
Friedman, Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216.241.1430
F: 216.621.0427
terry@FGGfirm.com
*Counsel for Plaintiff*

McKinzie and Associates
Timothy D. McKinzie (0061493)
529 White Pond Drive
Akron, Ohio 44320-1123
P: 330.864.3100
F: 330.572.2931
tim@mckinzielaw.com
*Counsel for Plaintiff*