UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY D. SLOAN, Administrator of the Estate of Shannon S. Sloan, deceased, | ) ) ) | CASE NO. 1:24-CV-02079 |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) ) | |
| | ) | **ANSWER OF DEFENDANT** |
| v. | ) ) | |
| POLICE OFFICER JOHN DOE, et al., | ) ) | *(Jury Demand Endorsed Hereon)* |
| Defendants. | ) ) ) | |

Now comes Defendant, Daniel Chafin, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for his answer to Plaintiff's Complaint states the following:

**FIRST DEFENSE**

1.     In reply to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that Wadsworth Police encountered Shannon Sloan in his backyard at 223 Durling Drive, Wadsworth, Ohio 44281 on or about June 18, 2024. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Defendant denies all allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     In reply to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits the nature of this action and this Court's subject matter jurisdiction under 28 U.S.C. § 1331. Further answering, Defendant denies all liability and further denies or denies for want of information all other allegations contained in Paragraph 3.

4.     Defendant denies or denies for want of information all allegations contained in Paragraphs 4 and 5 of Plaintiff's Complaint.

5.     In reply to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendant admits that Daniel Chafin was the Chief of Police for the City of Wadsworth on or about June 18, 2024. Further answering, Defendant denies all liability and further denies or denies for want of information all other allegations contained in Paragraph 6.

6.     Defendant denies or denies for want of information all allegations contained in Paragraphs 7, 8, 9, 10, and 11 of Plaintiff's Complaint.

7.     In reply to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that Shannon Sloan was shot by Wadsworth Police on or about June 18, 2024. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

8.     In reply to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant admits that some officers' body worn cameras were not in use at the time of the incident. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

9.     In reply to the allegations contained in Paragraphs 14, Defendant states that the body camera video referenced speaks for itself and the allegations contained therein are denied to the extent they are out of context or inaccurate. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

10.    Defendant denies or denies for want of information all allegations contained in Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, and 23 of Plaintiff's Complaint.

11.    In reply to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 10 of his Answer as if fully rewritten herein.

12.     Defendant denies or denies for want of information all allegations contained in Paragraphs 25, 26, and 27 of Plaintiff's Complaint.

13.     In reply to the allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 12 of his Answer as if fully rewritten herein.

14.     Defendant denies or denies for want of information all allegations contained in Paragraphs 29, 30, and 31 of Plaintiff's Complaint.

15.     In reply to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 14 of his Answer as if fully rewritten herein.

16.     Defendant denies or denies for want of information all allegations contained in Paragraphs 33, 34, 35, 36, and 37 of Plaintiff's Complaint.

17.     In reply to the allegations contained in Paragraph 38 of Plaintiff's Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 37 of his Answer as if fully rewritten herein.

18.     Defendant denies or denies for want of information all allegations contained in Paragraphs 39, 40, and 41 of Plaintiff's Complaint.

19.     In reply to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 18 of his Answer as if fully rewritten herein.

20.     Defendant denies or denies for want of information all allegations contained in Paragraphs 43 and 44 of Plaintiff's Complaint.

21.    In reply to the allegations contained in Paragraph 45 of Plaintiff's Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 20 of his Answer as if fully rewritten herein.

22.    Defendant denies or denies for want of information all allegations contained in Paragraphs 46, 47, 48, and 49 of Plaintiff's Complaint.

23.    Defendant denies any and all allegations contained in Plaintiff's Complaint that are not specifically admitted in this Answer.

## SECOND DEFENSE

24.    Plaintiff's Complaint fails to state a claim upon which relief may be granted, in whole or in part.

## THIRD DEFENSE

25.    Shannon Sloan's own acts and/or omissions were the sole proximate cause of any injuries or damages alleged in this action.

## FOURTH DEFENSE

26.    Defendant is entitled to all immunities, defenses, damage limitations, damage set offs and other benefits conferred upon him by R.C. Chapter 2744 and/or Ohio Common Law by reason of his status as an employee of a political subdivision in the State of Ohio.

## FIFTH DEFENSE

27.    Defendant at all times acted in good faith and pursuant to law.

## SIXTH DEFENSE

28.    Answering Defendant is entitled to qualified good faith immunity.

## SEVENTH DEFENSE

29.    If it is determined Answering Defendant is liable of negligence, then Plaintiff's decedent was guilty of comparative negligence or implied assumption of risk.

**EIGHTH DEFENSE**

30.     Answering Defendant states that Plaintiffs' decedent primarily assumed the risk of injury.

**NINTH DEFENSE**

31.     Answering Defendant is entitled to privilege.

**TENTH DEFENSE**

32.     Plaintiff is not entitled to punitive damages against the Defendant municipal actor.

**ELEVENTH DEFENSE**

33.     Defendant is not liablie for the acts of its police officers under the doctrine of *respondeat superior.*

**TWELFTH DEFENSE**

34.     At all relevant times, the responding police officers used no more force than was reasonably necessary to affect Plaintiff's lawful arrest and/or to protect themselves.

**THIRTEENTH DEFENSE**

35.     Plaintiffs' decedent was guilty of a preponderance of negligence which was the proximate cause of his injuries and death.

**FOURTEENTH DEFENSE**

36.     Plaintiff's decedent's injuries were the result of his failure to heed applicable warnings.

**FIFTEENTH DEFENSE**

37.     Defendant reserves the right to assert the defense of insufficiency of service of summons and complaint pending further investigation and discovery.

## SIXTEENTH DEFENSE

38.     Defendant reserves the right to raise such additional defenses as to all claims alleged against him as may become available through discovery.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed, and that he go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Zachary W. Anderson*
STEVEN K. KELLEY  (0023747)
ZACHARY W. ANDERSON (0095921)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email: skelley@mrrlaw.com
        zanderson@mrrlaw.com

*Counsel for Defendant Daniel Chafin, Chief of*
*Police, City of Wadsworth Police Department*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/Zachary W. Anderson*
ZACHARY W. ANDERSON (0095921)

*Counsel for Defendant Daniel Chafin, Chief of*
*Police, City of Wadsworth Police Department*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2024, a copy of the foregoing ***Answer of Defendant***

was filed electronically.  Notice of this filing will be sent to all registered parties by operation of

the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Zachary W. Anderson*
STEVEN K. KELLEY  (0023747)
ZACHARY W. ANDERSON (0095921)

*Counsel for Defendant Daniel Chafin, Chief of*
*Police, City of Wadsworth Police Department*