UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY D. SLOAN, ADMINISTRATOR OF THE ESTATE OF SHANNON S. SLOAN, DECEASED, | ) ) ) | CASE NO.:  1:24-CV-02079 |
| | ) | JUDGE:  BRIDGET M. BRENNAN |
| Plaintiff, | ) ) ) | **ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | ) ) | |
| JOHN DOE POLICE OFFICER, et al., | ) ) | |
| Defendants. | ) | **(Jury Demand Endorsed Hereon)** |

Now comes Defendant, Dan Chafin, Chief of Police, City of Wadsworth Police Department., by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for his answer to Plaintiff's First Amended Complaint states as follows:

**FIRST DEFENSE**

1.      In reply to the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint, Defendant admits that Wadsworth Police, including Defendants Blubaugh and Holdridge encountered Shannon Sloan in his backyard at 223 Durling Drive, Wadsworth, Ohio 44281 on or about June 18, 2024. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendant denies all allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.      In reply to the allegations contained in the unnumbered paragraph following "Jurisdiction and Venue" of Plaintiff's Amended Complaint, Defendant admits the nature of this action and this Court's subject matter jurisdiction under 28 U.S.C. § 1331. Further answering, Defendant denies all liability and further denies or denies for want of information all other allegations contained in the unnumbered paragraph.

4.     Defendant denies or denies for want of information all allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

5.     In reply to the allegations contained in Paragraphs 4 and 5 of Plaintiff's Amended Complaint, Defendant admits that Andrew Blubaugh and Matthew Holdridge were police officers employed by the City of Wadsworth on or about June 18, 2024. Further answering, Defendant denies all liability and further denies or denies for want of information all other allegations contained in Paragraphs 4 and 5.

6.     In reply to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, Defendant admits that Daniel Chafin was the Chief of Police for the City of Wadsworth on or about June 18, 2024. Further answering, Defendant denies all liability and further denies or denies for want of information all other allegations contained in Paragraph 6.

7.     Defendant denies or denies for want of information all allegations contained in Paragraphs 7, 8, 9, and 10 of Plaintiff's Amended Complaint.

8.     In reply to the allegations contained in Paragraphs 11 and 12, Defendant admits that supervisors were involved in the police dispatch and were later involved in an internal administrative investigation which remains pending. Further answering, Defendant denies all liability and further denies or denies for want of information all other allegations contained in Paragraphs 11 and 12.

9.     Defendant denies or denies for want of information all allegations contained in Paragraphs 13, 14, 15, 16, 17, 18, and 19 of Plaintiff's Amended Complaint

10.    In reply to the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, Defendant admits that Shannon Sloan was shot by Wadsworth Police on or about June

18, 2024. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

11. In reply to the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, Defendant admits that some officers' body worn cameras were not in use at the time of the incident. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

12. In reply to the allegations contained in Paragraphs 22, Defendant states that the body camera video referenced speaks for itself and the allegations contained therein are denied to the extent they are out of context or inaccurate. Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

13. In reply to the allegations contained in Paragraphs 23, 24, and 25 of Plaintiff's Amended Complaint, Defendant admits that the Ohio Bureau of Criminal Investigations (BCI) conducted the investigation into the officer-involved shooting. Further answering, Defendant states that the recorded interviews of Matthew Holdridge and Andrew Blubaugh referenced speak for themselves and the allegations contained therein are denied to the extent they are out of context or inaccurate Further answering, Defendant denies or denies for want of information all remaining allegations contained in Paragraphs 23, 24, and 25 of Plaintiff's Amended Complaint.

14. Defendant denies or denies for want of information all allegations contained in Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, and 34 of Plaintiff's Amended Complaint.

15. In reply to the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 14 of his Answer as if fully rewritten herein.

3

16.     Defendant denies or denies for want of information all allegations contained in Paragraphs 36, 37, and 38 of Plaintiff's Amended Complaint.

17.     In reply to the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 16 of his Answer as if fully rewritten herein.

18.     Defendant denies or denies for want of information all allegations contained in Paragraphs 40, 41, and 42 of Plaintiff's Amended Complaint.

19.     In reply to the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 18 of his Answer as if fully rewritten herein.

20.     Defendant denies or denies for want of information all allegations contained in Paragraphs 44, 45, 46, 47 and 48 of Plaintiff's Amended Complaint.

21.     In reply to the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 20 of his Answer as if fully rewritten herein.

22.     Defendant denies or denies for want of information all allegations contained in Paragraphs 50, 51, and 52 of Plaintiff's Amended Complaint.

23.     In reply to the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 22 of his Answer as if fully rewritten herein.

24.     Defendant denies or denies for want of information all allegations contained in Paragraphs 54 and 55 of Plaintiff's Amended Complaint.

25.    In reply to the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint, Defendant realleges and reavers all the admissions, averments, and denials contained in Paragraphs 1 through 24 of his Answer as if fully rewritten herein.

26.    Defendant denies or denies for want of information all allegations contained in Paragraphs 57, 58, 59, and 60 of Plaintiff's Amended Complaint.

27.    Defendant denies any and all allegations contained in Plaintiff's Amended Complaint that are not specifically admitted in this Answer.

## SECOND DEFENSE

28.    Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, in whole or in part.

## THIRD DEFENSE

29.    Plaintiff's decedent's own acts and/or omissions were the sole proximate cause of any injuries or damages alleged in this action.

## FOURTH DEFENSE

30.    Defendant is entitled to all immunities, defenses, damage limitations, damage set offs and other benefits conferred upon him by R.C. Chapter 2744 and/or Ohio Common Law by reason of his status as an employee of a political subdivision in the State of Ohio.

## FIFTH DEFENSE

31.    Defendant at all times acted in good faith and pursuant to law.

## SIXTH DEFENSE

32.    Answering Defendant is entitled to qualified good faith immunity.

## SEVENTH DEFENSE

33.    If it is determined Answering Defendant is liable of negligence, then Plaintiff's decedent was guilty of comparative negligence or implied assumption of risk.

**EIGHTH DEFENSE**

34.     Answering Defendant states that Plaintiffs' decedent primarily assumed the risk of injury.

**NINTH DEFENSE**

35.     Answering Defendant is entitled to privilege.

**TENTH DEFENSE**

36.     Plaintiff is not entitled to punitive damages against the Defendant municipal actor.

**ELEVENTH DEFENSE**

37.     Defendant is not liable for the acts of its police officers under the doctrine of *respondeat superior.*

**TWELFTH DEFENSE**

38.     At all relevant times, the responding police officers used no more force than was reasonably necessary to affect Plaintiff's lawful arrest and/or to protect themselves.

**THIRTEENTH DEFENSE**

39.     Plaintiffs' decedent was guilty of a preponderance of negligence which was the proximate cause of his injuries and death.

**FOURTEENTH DEFENSE**

40.     Plaintiff's decedent's injuries were the result of his failure to heed applicable warnings.

**FIFTEENTH DEFENSE**

41.     Defendant reserves the right to assert the defense of insufficiency of service of summons and complaint pending further investigation and discovery.

## SIXTEENTH DEFENSE

42.    Defendant reserves the right to raise such additional defenses as to all claims alleged against him as may become available through discovery.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Amended Complaint be dismissed, and that he go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Zachary W. Anderson*

STEVEN K. KELLEY  (0023747)
ZACHARY W. ANDERSON (0095921)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email: skelley@mrrlaw.com
        zanderson@mrrlaw.com

*Counsel for Defendant Daniel Chafin, Chief of Police, City of Wadsworth Police Department*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

> s/Zachary W. Anderson
> ZACHARY W. ANDERSON  (0095921)
>
> Counsel for Defendant Daniel Chafin, Chief of Police, City of Wadsworth Police Department

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a copy of the foregoing *Answer of Defendant to Plaintiff's First Amended Complaint* was filed electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> s/Zachary W. Anderson
> ZACHARY W. ANDERSON  (0095921)
>
> Counsel for Defendant Daniel Chafin, Chief of Police, City of Wadsworth Police Department